

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00297-CR

---

## MIGUEL BARRON, SR., APPELLANT

### V.

## THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 235th Court
Cooke County, Texas
Trial Court No. CR21-00138, Honorable Janelle M. Haverkamp, Presiding

---

July 27, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Miguel Barron, Sr., was convicted by a jury of one count of continuous sexual assault of a child and was sentenced to confinement for life.[1]  In his appeal,[2] his

---

[1] *See* TEX. PENAL CODE ANN. § 21.02(b), (h) (first-degree felony).

[2] This appeal was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.

counsel filed an *Anders* brief[3] in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court.

The record reflects that between January 2010 and December 2015, Appellant continually sexually abused D.M.,[4] when she was under the age of fourteen. During that time, D.M. regularly visited her grandmother's house where Appellant was residing as her grandmother's boyfriend. During her visits, Appellant would arrange to be alone with her and cause her to masturbate him. He also touched D.M.'s genitals beneath her clothes.

Appellant's counsel has certified that after diligently searching the record, he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Appellant's counsel informed Appellant of his right to file a pro se response and provided Appellant with copies of his motion to withdraw, his *Anders* brief, and the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant filed a response, where he largely complains about witness credibility questions and evidentiary matters that were not preserved for review.

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967).

[4] To protect the privacy of the victim, we identify her by initials. *See* TEX. CONST. art. 1 § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

We have carefully examined counsel's *Anders* brief and Appellant's response. We also conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal. Like counsel, we conclude there are no plausible grounds for appellate review. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Therefore, we grant counsel's motion to withdraw and affirm the judgment of the trial court.[5]

Lawrence M. Doss
Justice

Do not publish.

---

[5] Counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.